**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ROGER RODRIGUEZ RIOS,

Plaintiff,

v.

MARCO RUBIO, in his official capacity as Secretary of State,

Defendant.

Civil Action No. 23-0388 (CKK)

**MEMORANDUM OPINION**
(September 4, 2026)

In this case, Plaintiff Roger Rodriguez Rios, a former Foreign Service career candidate who is proceeding *pro se*, challenges an adverse decision of the Foreign Service Grievance Board. In the decision at issue, the Board dismissed Mr. Rodriguez Rios's appeal from the denial of a grievance that he submitted after the Department of State directed him to leave his overseas post and report to work in Washington, D.C. while he was on interim relief from separation. Mr. Rodriguez Rios and the Secretary of State have both filed motions for summary judgment. Upon consideration of the parties' submissions,[1] the relevant legal authority, and the entire record, the Court concludes that the Board's decision was supported by the administrative record and consistent with the standards provided in the Administrative Procedure Act. Court shall therefore

[1] The Court's consideration has focused on the following documents, including the attachments and exhibits thereto:

- the Plaintiff's Motion for Summary Judgment ("Pl.'s Mot."), Dkt. No. 11;
- the Defendant's Memorandum in Opposition and Cross-Motion for Summary Judgment ("Def.'s Mot. and Opp'n"), Dkt. Nos. 12 and 13;
- the Plaintiff's Reply and Memorandum in Opposition ("Pl.'s Reply & Opp'n"), Dkt. Nos. 14 and 15;
- the Defendant's Reply ("Def.'s Reply"), Dkt. No. 16; and
- the Joint Appendix ("J.A."), Dkt. No. 17-1.

In an exercise of its discretion, the Court concludes that oral argument is not necessary to the resolution of the issues pending before the Court. *See* LCvR 7(f).

**GRANT** the Secretary's [13] Motion for Summary Judgment and **DENY** Mr. Rodriguez Rios's [11] Motion for Summary Judgment.

## I. BACKGROUND

This case is about certain personnel procedures that apply to Foreign Service Officer candidates employed by the Department of State. When the Department hires a new Foreign Service Officer candidate, it brings the candidate on first for a "limited appointment," which may not exceed five years. 22 U.S.C. §§ 3946(a), 3949. During that term, boards of career officers established by the Secretary of State periodically "evaluate the fitness and aptitude" of the candidate "for the work of the Service." *Id.* § 3946(b). These boards may recommend that the Secretary grant tenure to the candidate in the form of a permanent career appointment. *Id.* If no board recommends granting tenure before the expiration of the candidate's limited appointment, the candidate is generally separated from employment with the Foreign Service when the appointment expires. *See id.* § 3946(a). However, the Department may temporarily suspend this separation for various reasons, including to allow time to resolve a grievance that the candidate filed before the appointment expired. *See id.* §§ 3946(b)(3)(A), 4136(8); 22 C.F.R. §§ 16.7(a)(2), 16.11(c).

Plaintiff Roger Rodriguez Rios is a former employee of the Department who served as a Foreign Service Officer candidate in an overseas post in Mumbai, India. J.A., Dkt. No. 17-1, at 5, 201. The Department informed Mr. Rodriguez Rios in early March 2019 that he had not been recommended for tenure and that his employment would end with the expiration of his limited appointment later that month. *Id.* at 31–32, 201. Mr. Rodriguez Rios filed a grievance to contest this denial of tenure, and the Department granted him interim relief from separation while it considered that grievance. *Id.* at 201.

Citing a policy called Standard Operating Procedure D-01 ("SOP D-01"), the Department directed Mr. Rodriguez Rios to depart his overseas post and report to a post in Washington, D.C. while on interim relief from separation, which he did in April 2019. J.A. at 32, 58–59, 201; *see also id.* at 69–81 (copy of SOP D-01, as approved Oct. 2016).

Later, in February 2021, Mr. Rodriguez Rios filed a grievance challenging the Department's instruction that he leave his overseas post and report to work in Washington while on interim relief from separation. J.A. at 19–29, 201; *see* 22 C.F.R. § 16.7. In his submission, he alleged that his reassignment violated the Foreign Service Act of 1980 and various Department regulations, was unfairly punitive and retaliatory, and improperly relied on an informal policy that had not been negotiated with a professional association called the American Foreign Service Association ("AFSA") that represents Foreign Service employees. *See* J.A. at 19. Mr. Rodriguez Rios resigned from the Department the day after filing this grievance. *Id.* at 202.

The Department eventually denied Mr. Rodriguez Rios's grievance challenging its direction that he report to work in Washington while on interim relief from separation. J.A. at 202. Mr. Rodriguez Rios appealed the denial of this grievance to the Foreign Service Grievance Board. *Id.* at 2–17, 202; *see* 22 C.F.R. § 16.11(a). The Department moved to dismiss Mr. Rodriguez Rios's appeal, arguing that he had failed to articulate a plausible claim. J.A. at 91–97, 202. After full briefing, the Board agreed and dismissed the appeal with prejudice. *Id.* at 216.

Mr. Rodriguez Rios then filed this civil action for judicial review under 22 U.S.C. § 4140, challenging the Board's dismissal of his appeal as "arbitrary and capricious, an abuse of discretion, and contrary to law." Compl., Dkt. No. 1, ¶ 24. The parties have now filed motions for summary judgment. Pl.'s Mot., Dkt. No. 11; Def.'s Mot., Dkt. No. 13. These motions are ripe for decision.

## II. LEGAL STANDARD

A motion for summary judgment is properly granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In a case like this one, in which a plaintiff seeks review of an agency decision based on an administrative record under APA standards, the usual summary judgment standards do not apply. *See Rempfer v. Sharfstein*, 583 F.3d 860, 865 (D.C. Cir. 2009). Instead, summary judgment is the vehicle through which a district court must decide, "as a matter of law," whether the agency's decision "is supported by the administrative record" and "otherwise consistent with" the standards articulated in the APA. *See, e.g.*, *Council of Parent Att'ys & Advocs., Inc. v. DeVos*, 365 F. Supp. 3d 28, 47 (D.D.C. 2019) (TSC); 5 U.S.C. § 706. In this type of proceeding, "the 'entire case' on review is a question of law" and the district court "sits as an appellate tribunal." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001) (quoting *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993)).

This case arises under the Foreign Service Act, which incorporates the APA's standards for judicial review. 22 U.S.C. § 4140(a) (cross-referencing 5 U.S.C. § 706). There are two types of claims at issue. The first is a claim that the decision under review was "arbitrary and capricious." *See* 5 U.S.C. § 706(2)(A). The second is a claim that the decision was contrary to law. *Id.* § 706(2)(A)–(B).

When evaluating a claim that an agency's decision was "arbitrary and capricious," a district court's review is necessarily "narrow," and the court must not "substitute its judgment for that of the agency." *Motor Vehicle Manufacturers Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Instead, the court decides only whether the agency "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action." *Id.*

When evaluating a charge that an agency's decision was contrary to law, the court "must independently decide" the relevant legal issues, without giving deference to the agency's interpretation of statutes. *Hosp. Menonita De Guayama, Inc. v. Nat'l Lab. Rels. Bd.*, 183 F.4th 745, 753 (D.C. Cir. 2026) (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024)).

In this case, Mr. Rodriguez Rios is proceeding *pro se*. The submissions of *pro se* litigants are "to be liberally construed," and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). When evaluating motions for summary judgment, courts afford *pro se* litigants "the benefit of the doubt" and may overlook "technical shortcomings" in their submissions. *Bey v. Washington Metro. Area Transit Auth.*, 341 F. Supp. 3d 1, 12 (D.D.C. 2018) (RBW) (indirectly quoting *Voinche v. FBI*, 412 F. Supp. 2d 60, 70 (D.D.C. 2006) (RCL)).

## III. ANALYSIS

In the decision under review, the Board dismissed Mr. Rodriguez Rios's appeal from the denial of a grievance that challenged the Department's direction that he report to work in Washington while on interim relief from separation.

Mr. Rodriguez Rios presents four principal arguments. *First*, he argues that the Board should not have dismissed his grievance because a statute barred the Secretary from reassigning him from his overseas post while another grievance was pending unless the Secretary, the chief of mission, or a principal officer first determined in writing that excluding him from his prior post was "essential to the functioning of the post." Pl.'s Mot. at 7–15 (citing 22 U.S.C. § 4138(8)). *Second*, Mr. Rodriguez Rios argues that the Board erred by concluding that he had not stated a viable claim of unlawful retaliation. *Id.* at 15–24 (citing 22 U.S.C. §§ 3905(b)(4), 4133). *Third*, he argues that the decision to reassign him to work in Washington while another grievance was pending was contrary to the Department's regulations. *Id.* at 24–30 (citing 3 Foreign Aff. Manual.

("FAM") 4453(a), 4424(a), 2446(c)). *Fourth*, he argues that the Board erred by affirming the Department's application of Standard Operating Procedure ("SOP") D-01, which he argues is contrary to the governing statutes and regulations and effectively amends the Department's regulations without adhering to the proper procedures. *Id.* at 31–41 (citing 22 U.S.C. §§ 4133, 4138(8); 3 FAM 4453(a), 4424(a), 2446(c)).

Upon thorough consideration of Mr. Rodriguez Rios's submissions, the Court concludes that the Board's well-reasoned decision was neither arbitrary and capricious nor contrary to law.

*First*, the statute requiring a written finding of necessity before the Secretary or other officials may "exclude" an employee from his post or its functions does not limit the authority of the Secretary to reassign such an employee to work in another location or position. *See* 22 U.S.C. § 4136(8). As the Board correctly concluded, and as at least one federal circuit court of appeals has affirmed in another case, transferring an employee to Washington does not "exclude" that employee from his prior post or functions and is therefore not an action that requires a written finding under this statute. *See* J.A. at 208–09; *Beberman v. Sec'y of State*, No. 19-2745, 2022 WL 2037944, at *4 (3d Cir. June 7, 2022). Although Mr. Rodriguez Rios presents extensive argument to the contrary based on the legislative history of the Foreign Service Act, "legislative history is not the law." *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 523 (2018). A separate statute confirms the authority of the Secretary to "assign a member of the [Foreign] Service to any position . . . in which that member is eligible to serve" and to reassign a member between such positions "as the needs of the Service may require." 22 U.S.C. § 3982. Given this authority, the best reading of the statute on which Mr. Rodriguez Rios relies is that it requires a written finding of necessity only when an employee on interim relief from separation is effectively locked out of his job, not when he is reassigned to a new location and role pending the resolution of a grievance. *See id.* § 4136(8).

*Second*, the Board did not act arbitrarily or capriciously by concluding that Mr. Rodriguez Rios had not stated a plausible claim of reprisal or retaliation based on his transfer to Washington. The Board reasonably concluded that a preexisting policy automatically triggered Mr. Rodriguez Rios's transfer upon the end of his limited appointment and entry onto interim relief from separation. J.A. at 209–10. Accordingly, the Board reasonably concluded that this transfer could not have been an act of reprisal or retaliation for filing a grievance. *Id.* at 209–11. On the contrary, the Board explained, the Department's policy provided Mr. Rodrigues Rios an outcome that was *more* favorable than he would have received if he had not filed a grievance: If not for the grievance, Mr. Rodriguez Rios would have been separated from employment at the end of his limited appointment, rather than being transferred—with pay—to a new assignment in Washington. *Id.* at 211. The Board's decision on these points is well-supported by the record and the relevant statutes and regulations, and it is neither arbitrary nor capricious.

*Third*, the Board correctly concluded that Mr. Rodriguez Rios's transfer did not violate the Department's regulations regarding interim relief, reprisal and retaliation, or curtailments from assignments. *See* J.A. at 208–09 (citing 3 FAM 4453(a)), 210–11 (citing 3 FAM 4424(a)), 212 (citing 3 FAM 2446(c)).

The first regulation that Mr. Rodriguez Rios invokes simply restates the terms of the statute limiting when the Secretary or other officials may "exclude" an employee from his post or its functions. *See* 3 FAM 4453(a); 22 U.S.C. § 4136(8). As the Court has already explained, the Board correctly concluded that this statutory provision does not limit the Secretary's authority to transfer an employee to Washington. *See* J.A. at 208–09. The parallel regulation does not impose such a limit, either. Accordingly, the Board's decision was consistent with this regulation.

Mr. Rodriguez next invokes a regulation prohibiting reprisal against employees who file grievances. *See* 3 FAM 4424(a). Because the Board reasonably concluded that Mr. Rodriguez Rios's transfer was automatic and was not an act of reprisal, its decision is consistent with this regulation. *See* J.A. at 209–11.

The final regulation that Mr. Rodriguez invokes provides that if the Director General of the Foreign Service proposes the "curtailment" of an employee's assignment and the proposal is not based on the request of a bureau or post, the employee must receive notice of the reasons for the curtailment and an opportunity to comment on it. 3 FAM 2446(c). The Board correctly concluded that this regulation does not apply to Mr. Rodriguez Rios's transfer to Washington. J.A. at 212. As the Board correctly noted, "[t]here is no evidence in the record that the Director General proposed" Mr. Rodriguez Rios's transfer to Washington; instead, his transfer was a "routine" action taken "pursuant to SOP D-01." *Id.*; *accord, e.g.*, *Beberman v. Tillerson*, No. CV 17-cv-0061, 2018 WL 4571453, at *3 (D.V.I. Sept. 24, 2018), *aff'd*, 789 F. App'x 354 (3d Cir. 2020). Furthermore, it is not clear that this transfer was a "curtailment" within the scope of the relevant regulation at all. The regulations provide that "curtailment" means "shortening an employee's tour of duty from their assignment." 3 FAM 2442(a). In this case, Mr. Rodriguez Rios's transfer occurred upon the expiration of his five-year limited appointment, and there is no indication that it "shorten[ed]" any "tour of duty" that he would otherwise have been entitled to complete. *Cf. id.* On this record, the Board was correct to conclude that the regulation regarding notice and opportunity to comment on certain curtailments did not apply to Mr. Rodriguez Rios's transfer.

In sum, the Board's decision was consistent with each of the regulations that Mr. Rodriguez Rios identifies in his submissions.

*Fourth*, the Board correctly concluded that SOP D-01—the policy that led to Mr. Rodriguez Rios's automatic transfer to Washington—is consistent with the relevant statutes and regulations and is procedurally valid. *See* J.A. at 211–15; *see also Beberman*, 2018 WL 4571453, at *3–4 (rejecting challenges to SOP D-01 similar to those at issue here), *aff'd*, 789 F. App'x 354 (3d Cir. 2020).

The Court has already explained why Mr. Rodriguez Rios's own transfer to Washington was consistent with each of the statutes and regulations that he cites. For substantially the same reasons, SOP D-01 is consistent with those authorities. In summary, SOP D-01 does not "exclude" an employee on interim relief from separation from his post or functions. *Cf.* 22 U.S.C. § 4136(8); 3 FAM 4453(a). It does not retaliate against an employee who submits a grievance because it grants an employee on interim relief from separation a more favorable outcome—transfer with pay—than that employee would receive if not for filing a grievance. *Cf.* 22 U.S.C. §§ 3905(b)(4), 4133; 3 FAM 4424(a). And it does not impermissibly deny an opportunity to comment on a proposed curtailment because, to the extent that it triggers a curtailment at all, the Director General does not propose that curtailment. *Cf.* 3 FAM 2446(c).

For a similar reason, the Court rejects Mr. Rodriguez Rios's argument that the Department effectively amended or altered its regulations without adhering to the proper procedures when it adopted SOP D-01. *See* Pl.'s Mot. at 31–34, 38–41. Because SOP D-01 is consistent with the Department's existing regulations and statutory authorities, adopting it did not have the effect of amending or altering the Department's regulations and did not trigger the procedural requirements that Mr. Rodriguez Rios invokes.

Finally, citing *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), Mr. Rodriguez Rios argues that SOP D-01 should only be entitled to weight according to its "power to persuade" and should

be disregarded because the Department did not adequately consider the intent of Congress when it adopted the procedure. Pl.'s Mot. at 34–17; Pl.'s Reply & Opp'n at 17–18. This argument misses the mark. *Skidmore* is a case about the methods that courts use to interpret statutes, not the extent of an agency's authority to adopt and apply internal policies in personnel matters. *See Skidmore*, 323 U.S. at 140. In this case, the Board correctly recognized that the Secretary has statutory authority to promulgate rules and delegate authority, including over personnel matters. J.A. at 211–12 (citing 22 U.S.C. § 2651a(a)(4)). Congress has also empowered the Secretary to "administer, coordinate, and direct the Foreign Service of the United States and the personnel of the Department of State." 22 U.S.C. § 2651a(3)(A). The Board correctly concluded that SOP D-01 is a valid exercise of the Secretary's authority and that Mr. Rodriguez Rios's grievance did not state a plausible claim to the contrary.

In sum, the Board's decision to dismiss Mr. Rodriguez Rios's appeal was neither arbitrary and capricious nor contrary to law.

## IV. CONCLUSION

For the foregoing reasons, the Court shall **GRANT** the Secretary's [13] Motion for Summary Judgment and **DENY** Mr. Rodriguez Rios's [11] Motion for Summary Judgment. An appropriate Order accompanies this Memorandum Opinion.

**Dated:** September 4, 2026

Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge